Dr. Fay W. Boozman, M.D., MPH, Director Arkansas Department of Health 4815 W. Markham Little Rock, Arkansas 72205-3867
Dear Dr. Boozman:
I am writing in response to your request for an opinion on three questions regarding the certification of emergency medical technicians under A.C.A. § 20-13-1106 (Repl. 2000). You state that the Department of Health has received information from a criminal background check that shows an Emergency Medical Technician pled guilty to the criminal offense of battery in the third degree (A.C.A. § 5-13-203), which, in the particular case, involved a three year-old child. Your three questions with regard to these facts are:
 1. Is that crime (battery in the third degree) a disqualifying offense under Ark. Code § 20-13-1106(c), which does not list specific offenses or should battery in the first degree, the only battery specifically listed offense, be considered exclusive?
 2. Would a conviction for battery in the second degree in violation of A.C.A. § 5-13-202 be a disqualifying offense?
 3. Can the Division of EMS act on information received from sources other than official criminal background checks when concerns about a EMT's criminal activity arises?
RESPONSE
In my opinion the answer to your first question is "no," battery in the third degree (a misdemeanor), is not a disqualifying offense and battery in the first degree is the only battery offense that will operate to disqualify an applicant. In my opinion, similarly, the answer to your second question is "no." In response to your third question, the answer will depend upon all the attendant facts.
Question 1 — Is that crime (battery in the third degree) a disqualifyingoffense under Ark. Code § 20-13-1106(c), which does not list specificoffenses or should battery in the first degree, the only batteryspecifically listed offense, be considered exclusive?
The relevant statute, A.C.A. § 20-13-1106, is contained in a subchapter of the Arkansas Code that requires criminal background checks for emergency medical technicians ("EMTs"). Section 20-13-1106 is the statute listing the offenses that will disqualify an EMT applicant for certification or re-certification by the Department of Health, (Division of EMS and Trauma Systems). The first sentence of subsection (a) of §20-13-1106 states that: "The Division of EMS and Trauma Systems shall issue a determination that a person is disqualified from certification or recertification if the person has been found guilty of or has pled guilty or nolo contendere to any of the offenses listed in subsection (b) of this section." Subsection (b) of the statute enumerates a long list of criminal offenses that will disqualify an applicant from certification. Most of the offenses are felonies, although some are misdemeanors. One of the listed offenses is "[b]attery in the first degree, as prohibited in § 5-13-201." See A.C.A. § 20-13-1106(b)(10).
In addition to these provisions of the statute, subsection (c) of A.C.A. § 20-13-1106 provides that:
 An applicant shall not be disqualified from certification or recertification when the applicant has been found guilty of or has pled guilty or nolo contendere to a misdemeanor if the offense did not involve exploitation of an adult, abuse of a person, neglect of a person, or sexual contact.
Your first question is whether the offense of battery in the third degree (a misdemeanor), is a disqualifying offense under A.C.A. § 20-13-1106(c) above, or whether battery in the first degree is the only disqualifying battery offense, because it is specifically listed in subsection (b) of the statute. Battery in the first degree is a felony and it is clear that a person found guilty or pleading guilty or nolo contendere to battery in the first degree is disqualified from receiving certification as an EMT. A.C.A. § 20-13-1106(b)(10). Battery in the third degree, however, is not listed as a disqualifying offense in subsection (b). The question of whether battery in the third degree is a disqualifying offense therefore depends upon a construction of A.C.A. § 20-13-1106(c), which addresses unspecified misdemeanor offenses. The issue in this regard is whether subsection (c) has reference to all misdemeanor offenses (whether or not listed in subsection (b)), or whether subsection (c) merely conditions the disqualifying effect of the misdemeanor offenses that are listed in subsection (b).
It is clear that a misdemeanor offense will not disqualify an applicant unless the offense involved exploitation of an adult, abuse of a person, neglect of a person, or sexual contact. But to what misdemeanors does subsection (c) refer? Does this subsection refer to all misdemeanors or just to those enumerated in subsection (b)? The issue is whether subsection (c) is an expansion of the disqualifying offenses listed in subsection (b) — that is, whether a misdemeanor that is not listed in subsection (b) can nonetheless be a disqualifying offense if it involves exploitation of an adult, abuse of a person, neglect of a person or sexual contact. Or, conversely, whether subsection (c) acts merely as alimitation on the offenses already listed in subsection (b), so that even if a misdemeanor offense is listed in subsection (b), it might not be a disqualifying offense unless it involved exploitation of an adult, abuse of a person, neglect of a person or sexual contact.
In my opinion the latter interpretation appears to be most consistent with the apparent legislative intent.
As stated earlier, some of the offenses listed in subsection (b) are, or sometimes can be, misdemeanors. See e.g., A.C.A. §§ 20-13-1106(b)(4) (negligent homicide, A.C.A. 5-10-105(b)); 20-13-1106(b)(25) (theft of property, A.C.A. § 5-36-103(b)(5) (Supp. 2001)); 20-13-1106(b)(26) (theft by receiving, A.C.A. § 5-36-106(e)(3)); A.C.A. 20-13-1106(b)(27) (arson, A.C.A. § 5-38-301(b)(1)); 20-13-1106(b)(32) (criminal attempt, criminal complicity, criminal solicitation or criminal conspiracy, see A.C.A. §§5-3-203; 5-3-301; and 5-3-404). Under certain circumstances, these offenses are felonies, and under other circumstances, they are misdemeanors. In my opinion the intent of A.C.A. § 201-3-1106(c) was to exclude these offenses as disqualifying events, when their commission amounts to a misdemeanor, unless the offense involved exploitation of an adult, abuse of a person, neglect of a person or sexual contact.
The legislature was very careful to delineate the disqualifying offenses in subsection (b) of § 20-13-1106, even going so far as to pluck out selected portions of criminal statutes as disqualifying events. Seee.g., A.C.A. § 20-13-1106(b)(22) (enumerating "Permitting child abuse, as prohibited in § 5-27-221(a)(1) and (a)(3)" as a disqualifying offense). The legislature, for example, did not enumerate A.C.A. § 5-27-221(a)(4) of that same statute in A.C.A. § 20-13-1106(b). Subsection (a)(4) of §5-27-221 is a misdemeanor offense of permitting abuse of a child. It is illogical to conclude, therefore, in my opinion, that the legislature, after carefully excluding A.C.A. § 5-27-221(a)(4) from subsection (b), nonetheless intended to include the misdemeanor offense of permitting abuse of a child as a disqualifying event under A.C.A. § 20-13-1106(c). In my opinion, therefore, the answer to your first question is "no." Subsection (c) of A.C.A. § 20-13-1106 only pertains to the misdemeanor offenses listed in subsection (b). Battery in the third degree is not listed in subsection (b) and is therefore not a disqualifying offense under subsection (b) or (c). Battery in the first degree is the only disqualifying battery offense.
Question 2 — Would a conviction for battery in the second degreein violation of A.C.A. § 5-13-202 be a disqualifying offense?
No. Battery in the second degree under A.C.A. § 5-13-202 is a felony. A.C.A. § 5-13-202(b) (Supp. 2001). It is not listed in A.C.A. §20-13-1106(b) as a disqualifying offense and because it is not a misdemeanor, it could not possibly be included as a disqualifying offense under A.C.A. § 20-13-1106(c).
Question 3 — Can the Division of EMS act on information receivedfrom sources other than official criminal background checks whenconcerns about a EMT's criminal activity arises?
In my opinion the answer to this question will depend upon the facts surrounding the information, its source and the action taken by the Division.
Section 20-13-1102(c) and § 20-13-1103(c) of the Arkansas Code each provide that "the division shall determine whether the applicant is disqualified from certification based on the report of the applicant'scriminal history and forward its determination to the applicant directly." (Emphasis added). This language might be read to restrict the Division to the criminal history report provided by the Identification Bureau of the Arkansas State Police. From the context, however, such a restriction does not appear to be the primary focus of this language.
It is clear, in my opinion, that if the Division receives information from another source, it has the power to conduct an additional state or national criminal background check. This is clear from A.C.A. §20-13-1108, which provides that:
 The Division of EMS and Trauma Systems maintains the right to conduct additional state or national criminal background checks at the cost of the division on applicants or Arkansas-certified emergency medical technicians under investigation for violation of current emergency medical services laws or rules and regulations.
It should also be noted that each emergency medical technician has a duty to notify the Division of any disqualifying convictions or pleas within ten calendar days of the occurrence thereof. A.C.A. § 20-13-1111. If such notification is received from the EMT and documented by the appropriate paperwork, it is in my opinion unnecessary for the Division to conduct an additional background check in order to act on the information.
The ability of the Division to rely on other outside information and to "act" on such information is less clear. Certainly, the Division could "act" by requiring an additional background check as set out above. If the Division seeks to take other action that will affect the status of the technician's certification, the legality of such action may depend upon the attendant facts. All applicable rules and regulations of the Division must be followed, of course.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh